# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Elliott
Criminal District Attorney
Sherman, Texas

Dear Sir:

Opinion No. O-3209
Re:  Constitutionality of part
of Article 1645a-1, as
amended, R. C. S., 1925,
which applies to Grayson
County.

Your request dated February 24, 1941, for an opinion from this department has been received and considered. We quote from your letter:

"I desire an opinion upon the following questions:

"1. Can the Commissioners Court of Grayson County legally and lawfully create and appoint the office of purchasing agent under the order of January 30, 1941, as hereinafter set out:

"'January 30, 1941. The County Commissioners Court; of each county in Texas is the governing body of the county. Upon them rests the responsibility of the County Purchasing and County Charity, etc.

"'Under special law the Grayson County Commissioners Court has heretofore employed the County Auditor, as purchasing agent and he has further assisted the Commissioners Court in looking after feeding prisoners in the County jail and many other general duties around the Courthouse, including county relief.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ralph Elliott, Page 2

"'We are this day in receipt of a letter signed by District Judges R. C. Slagle and Tom Suggs, stating it was their opinion the County Auditor should not have to perform the duties of purchasing agent for good reasons set out in their letter, which has been placed in the minutes of the Commissioners Court.

"'It being the desire of the Commissioners Court to cooperate with the District Judges and the County Auditor's office, in their request, we find it impossible for the County Judge or the Commissioners to do the additional work heretofore performed by the purchasing agent. It is our judgment we should employ a capable man to assist the Commissioners Court in the said purchasing and County relief work, as well as many other duties to be performed by him in the interest of economy and efficiency.

"'We hereby employ Mr. C. H. Barrett to assist the Commissioners Court in the above stated duties and set his salary at $150.00 per month. This does not entail additional County expense, as it has been costing more than this amount heretofore to perform these duties.

"'Effective Feb. 1st, 1941.

"'Adopted.'
"2. Can the County Auditor of Grayson County legally and lawfully approve the payment of warrants drawn for salary and/or expenses for this office under this creation and appointment?

"Is the following portion of Article 1645a-1 as amended, R. C. S. 1925 constitutional?

"'Provided, further, that in all counties having a population in excess of sixty-five thousand (65,000) inhabitants according

Honorable Ralph Elliott, Page 3

to the last preceding Federal Census, and
having a tax valuation of not more than forty
million dollars ($40,000,000), according to
the last approved tax rolls, and containing
at least two incorporated cities of more than
thirteen thousand five hundred (13,500) popu-
lation each, according to the last preceding
Federal Census, such Auditor shall, in addi-
tion to his regular duties as Auditor, consti-
tute the Purchasing Agent of such county when
so directed by order of the Commissioners
Court of such County, and such Auditor shall
receive as compensation for such additional
services as purchasing agent a sum not to ex-
ceed nine hundred dollars ($900) annually,
payable in twelve (12) equal monthly install-
ments, and such compensation shall be in ad-
dition to that allowed by law for such auditor,
and payable out of the general revenue of such
county. As added Acts 1937 45th Leg., p. 639,
Ch. 3131; amended Acts 1939, 46th Leg., Spec.
L., p. 600, 1.'"

Since we have written an opinion in response to your
request, we have received a request from Honorable W. P. Waldrop,
County Auditor of Grayson County, in which request he enclosed
certified copies of orders of the commissioners' court showing
that the original order dated January 30, 1940, as passed by
said court appointing C. H. Barrett to assist the commissioners'
court of Grayson County in purchasing duties and as county re-
lief work assistant, was rescinded February 20, 1941, and C. H.
Barrett was appointed county case worker. In view of these
circumstances and because we have answered the questions sub-
mitted by the County Auditor in Opinion No. O-3231, a copy of
which is enclosed to you for your information, we have thought
that some of the questions submitted in your request are now
moot and that it is unnecessary to answer them. We do believe
that the question of the constitutionality of the portion of
Article 1645a-1, Revised Civil Statutes, 1925, as amended,
should be passed upon.

The provision of Article 1645a-1, as amended, Revised
Civil Statutes of Texas, 1925, which you say, is applicable to
Grayson County is set out in your request and will not again
be copied here. It will be noticed that the provisions of the
statute are very restrictive. This department in Opinion No.

0-1748 has previously ruled that a portion of Article 1645a-1 was unconstitutional. For the reasons given in the Opinion No. 0-1748, a copy of which is enclosed, it is our opinion, and you are so advised, that that portion of Article 1645a-1, as amended, Revised Civil Statutes, 1925, which you have copied in your request, is unconstitutional and void as being a special law regulating county affairs in violation of Article 3, Section 56, Texas Constitution.

We trust that we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Harold McCracken*

Harold McCracken
Assistant

HM:RS

ENCLOSURE

APPROVED MAR 28, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN